## JIM TAYLOR STUDDARD v. THE STATE.

No. 13330. Delivered April 30, 1930.

Reported in 27 S. W. (2d) 820.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

A former appeal is reported in 14 S. W. (2d) at page 69.

The facts disclosed by the record are practically the same as those set forth in the opinion on former appeal. A short time prior to the homicide appellant and one Tucker, a kinsman of deceased, Doc Wellborn, had a difficulty. Upon learning of this difficulty, deceased went to the store of appellant's father and engaged in a fist fight with him. While this fight was in progress, appellant entered his father's store, and, in endeavoring to separate the parties, cut deceased with a knife. Deceased died some twelve hours later. The knife used by appellant was described as an ordinary pocket knife with a blade one and seven-eighths inches long. There was testimony to the effect that appellant stated shortly prior to the difficulty with deceased that he was going to have a "bloody fight."

The offense was committed before the repeal of our manslaughter statute. The charge embraced an instruction covering the law of manslaughter.

Appellant filed his first application for a continuance wherein he alleged that he was not ready for trial because of the absence of Dr. R. A. Paul: It appears that Dr. Paul was under process but that he was ill and unable to come into court. He was temporarily absent in Tom Green County, Texas, where he had gone on account of his illness. Dr. Paul testified on the former trial of the case, and the application for a continuance shows that he would have given substantially the same testimony on the present trial. It is averred that Dr. Paul examined the wounds of deceased; that he would testify as to the nature and size of the wounds, and that such wounds were not necessarily serious. Moreover, it appears from the recitals in the application that the witness would testify that in his opinion the wounds would not have resulted in death had the deceased been

given proper medical attention. It appears that after Dr. Paul had dressed the wounds, another physician was called in. This physician, according to the testimony it is alleged that Dr. Paul would give, removed the dressing and sewed up the wound, which, according to the proposed testimony, stopped the necessary drainage from the wound. In short, the testimony of Dr. Paul would tend to show that the wounds were not of a serious nature, and would also tend to show that death resulted from improper treatment.

The court overruled the application for a continuance and permitted the state to introduce in evidence the direct and cross-examination of Dr. Paul given upon a former trial. He also permitted the state to introduce in evidence the averments set forth in the application for a continuance. Based upon the testimony of Dr. Paul, the court submitted a charge covering the issue of death from improper treatment, and instructed the jury to acquit appellant if they had a reasonable doubt as to whether death resulted from improper treatment of the wounds of deceased. It appears that the testimony given by Dr. Paul on the former trial was permitted to go to the jury for the purpose of defeating the application for a continuance. The state did not admit that the testimony of Dr. Paul was true. An admission on the part of the State's counsel that the absent witness would, if present, testify as stated in the application for a continuance will not justify the court in overruling a good application for a continuance, unless the state admits that the facts proposed to be proved by the absent witness are true, and such facts go to the jury as evidence in the case with such admission. Section 325, Branch's Annotated Penal Code of Texas.

The absent testimony was material. The question of appellant's intent to kill was closely controverted. The weapon used by appellant was not per se deadly. The intent to kill was a question of fact to be determined from the manner in which the weapon was used, and in such case it must evidently appear from the manner and use of such weapon that there was an intent to kill. Testimony as to the nature and extent of the wounds had material bearing on this question. The testimony of Dr. Paul would have tended to show that the wounds were not of a serious nature and would have supported appellant's theory that from the manner in which the weapon was used, there was no intent to kill. Moreover, his testimony would have tended to show that the wounds inflicted upon deceased were not the cause of death, but that improper treatment of said wounds resulted in the death of deceased. We are constrained

to hold that the learned trial judge fell into error in denying the continuance.

Appellant timely and properly objected to the action of the court in permitting the state to introduce in evidence a portion of the statement of facts on the former trial embracing the testimony of Dr. Paul. The objection should have been sustained. The witness was not dead or beyond the jurisdiction of the court. Section 76, Branch's Annotated Penal Code. In view of the fact that it appears from the qualification appended to the bill of exception that the application for a continuance containing substantially the same testimony was introduced in evidence without objection on the part of appellant, the error in reproducing the testimony given upon the former trial would appear to be harmless.

There appears to be no evidence raising the issue of self-defense. The issue of defense of another is raised by the testimony. The court charged on self-defense and defense of appellant's father. Appellant objected to the charge on self-defense on the ground that only the issue of defense of his father was raised by the testimony. The charge should have been amended to conform to the exception. We call attention to this in view of another trial, without expressing an opinion as to whether the error is reversible.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.